IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SBA PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| D&L REALTY COMPANY, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, SBA Properties, LLC, by and through its attorneys, Post & Schell, P.C., and files the within Complaint, stating as follows:

1. Plaintiff, SBA Properties, LLC ("SBA"), is a corporation that owns and operates wireless infrastructure throughout the United States, including Pennsylvania, and is headquartered at 8051 Congress Avenue, Boca Raton, FL 33487.

2. Defendant, D&L Realty Company ("D&L), is a corporation or partnership in the Commonwealth of Pennsylvania, with a principal place of business at 400 Mill Street, Scranton, PA 18512, in Lackawanna County.

3. At all times relevant hereto, D&L was operating as a broker and manages all tower matters between Lackawanna Recycling Services, LLC (hereinafter "Lackawanna") and SBA.

4. Lackawanna and SBA are currently parties to a PCS Site Agreement dated December 2, 1999, pursuant to which SBA leases real property at 3410 Boulevard Avenue, Scranton, PA 18512 to operate a communication tower (the "Lease"). Section 3 of the Lease directs SBA to pay D&L fifty percent of the rental income payable under the Lease. See Exhibit "A".

5. On or about June 27, 2024, SBA and Lackawanna began negotiating a potential amendment to the Lease. As part of those negotiations, SBA put all monthly rent payments on hold, beginning with the rent payment due for August 2024.

6. On December 11, 2024, SBA and Lackawanna executed an amendment to the Lease, which is recorded in the Recorder of Deeds Office in Lackawanna County as Instrument # 202419394 (the "Amendment"), pursuant to which SBA was required to make a lump sum payment to Lackawanna. The Amendment did not alter D&L's entitlement to receive fisty percent of the monthly rent payable under the Lease. A copy of the redacted Amendment is attached hereto as Exhibit "B".

7. While processing the lump sum payment that was owed to Lackawanna, SBA's administrative staff also removed the hold on monthly rent payments due to D&L. Due to a clerical error, SBA's administrative staff sent a check to D&L dated January 16, 2025 in the amount of $105,505.15, which consisted of the monthly rent due to D&L for the period from August 1, 2024 through January 31, 2025, along with an accidental overpayment of $100,000.00.

8. SBA attempted to contact Lackawanna and D&L regarding the clerical error and resulting overpayment by telephone, as well as by emails on February 24, 2025, February 28, 2025, March 7, 2025, and March 12, 2025.

9. SBA was able to get in contact with John Cowley, an employee, manager, agent and/or owner at D&L, Lackawanna's broker, via telephone and advised him of the clerical error and overpayment.

10. Mr. Cowley represented to SBA that he would handle getting the overpaid funds returned to SBA.

11. Since that conversation, D&L has gone silent as to remitting the overpayment amount of $100,000.00 back to SBA.

12. On March 12, 2025, SBA sent a letter to D&L detailing the overpayment issue and requesting the overpaid amount of $100,000.00 be refunded to SBA.

13. Defendant has been silent as to these repeated attempts to recover the overpayment funds.

## Count I-Unjust Enrichment

14. SBA repeats and re-alleges, as if set out fully herein, all of the allegations heretofore made in this Complaint.

15. As set forth above, SBA contends that Defendant, D&L was unjustly enriched by retaining the overpayment amount of $100,000.00 when only $5,505.15 was owed.

16. As set forth above, SBA mistakenly paid $105,505.15.

17. SBA made a clerical error when issuing the check which resulted in an overpayment of $100,000.00.

18. D&L received the payment of $105,505.15 from SBA, despite only being owed $5,505.15 for its tower rental payments.

19. SBA immediately notified Defendant of the error and requested that Defendant remit the overpayment amount of $100,000.00 back to SBA.

20. Defendant has refused to return the $100,000.00 overpayment despite knowing the correct payment amount for check 2193682 should only have been $5,505.15 for its tower rental payments from August 1, 2024, to January 31, 2025.

21. Defendant's refusal to return the $100,000.00 to SBA constitutes unjust enrichment as it is retaining a benefit without providing anything of value in exchange.

WHEREFORE, Plaintiff SBA respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $100,000.00, together with reasonable costs and any other relief that this Court deems just and appropriate.

### Count II- Restitution

22. The allegations set forth in paragraphs one through twenty-one are hereby incorporated by reference as if set forth fully herein.

23. SBA erroneously transmitted a check in the amount of $105,505.15 to Defendant rather than the correct amount of $5,505.15 that was owed for its portion of the tower rental payment.

24. This resulted in SBA mistakenly overpaying Defendant by $100,000.00.

25. SBA immediately contacted Defendant to request a return of the $100,000.00 overpayment, but Defendant ignored all contact attempts.

26. As a consequence of this overpayment, Defendant was unjustly enriched by $100,000.00.

27. Restitution is required by Defendant to allow SBA to recoup the overpayment amount of $100,000.00.

WHEREFORE, Plaintiff SBA respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $100,000.00, together with reasonable costs and any other relief that this Court deems just and appropriate.

### Count III- Breach of Contract

28. The allegations set forth in paragraphs one through twenty-seven are hereby incorporated by reference as if set forth fully herein.

29.   Pursuant to the Agreement, Defendant D&L is a third-party beneficiary that is to receive certain rental payments. However, SBA erroneously paid D&L a fee for tower rental payments that it was not obligated to receive.

30.   Under this agreement, SBA intended to pay $5,505.15, representing fifty percent (50%) of the Lease payments for the period of August 1, 2024, to January 31, 2025.

31.   However, SBA made a clerical error when issuing the check and mistakenly overpaid by $100,000.00.

32.   SBA has made repeated attempts to contact Defendant about the mistaken overpayment.

33.   Defendant D&L refused to refund the overpayment amount of $100,000.00 to SBA.

34.   As a result of this refusal, SBA has suffered damages of $100,000.00 related to this overpayment.

WHEREFORE, Plaintiff, SBA, respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $100,000.00, together with reasonable costs and any other relief that this Court deems just and appropriate.

### Count IV-Quantum Meruit

35. The allegations set forth in paragraphs one through thirty-four are hereby incorporated by reference as if set forth fully herein.

36. SBA mistakenly overpaid Defendant by $100,000.00.

37. The correct amount that should have been issued on check 2193682 was $5,505.15 rather than $105,505.15.

38. Despite numerous requests by SBA, Defendant has not refunded the overpayment amount of $100,000.00 back to SBA.

39. There is no agreement between the parties that called for a payment of $100,000.00 to be made by SBA to this Defendant.

40. Defendant has not provided any benefits and/or services to SBA that SBA has not already compensated Defendant for.

41. Therefore, it is inequitable for Defendant to retain the overpayment amount of $100,000.00 from SBA.

WHEREFORE, Plaintiff SBA respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $100,000.00, together with reasonable costs and any other relief that this Court deems just and appropriate.

### Count V—Conversion

42. The allegations set forth in paragraphs one through forty-one are hereby incorporated by reference as set forth fully herein.

43. Defendant having fully participated in the negotiations relative to the Amendment was fully apprised of the amount owed to it per the terms of the Amendment.

44. Upon receipt of a check in the amount of $105,505.15, Defendant knew that the amount contained therein was incorrect.

45. Despite knowing that the amount was incorrect, Defendant unlawfully deposited the check into its bank account, unlawfully converting the funds for its use.

WHEREFORE, Plaintiff, SBA, respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $100,000.00, plus an award of punitive damages, together with reasonable costs and any other relief that this Court deems just and appropriate.

**Count VI—Declaratory Judgment Action**

46. The allegations set forth in paragraphs one through forty-five are hereby incorporated by reference as set forth fully herein.

47. In the sole event that judgment is not entered in favor of Plaintiff on one or more of the theories articulated in Counts I through V, then in that event, Plaintiff alternatively seeks a ruling from the Court that Plaintiff has prepaid Defendant the rent that it is to receive under the Lease until such time as the rental obligation of Plaintiff exceeds the $100,000.00 payment provided to Defendant.

WHEREFORE, Plaintiff, SBA, in the sole event that monies are not returned to Plaintiff as required by the claims made in Counts I through V, then in the alternative Plaintiff requests this Honorable Court to enter a declaration that Plaintiff's rental payment obligation to Defendant is suspended until such time as the cumulative rent owed exceeds the $100,000.00 paid to Defendant.

Respectfully submitted,

**POST & SCHELL, P.C.**

By: ___s/ Philip J. Sbrolla___
Philip J. Sbrolla, Esquire
PA I.D. No.: 90231
POST & SCHELL, P.C.
One Oxford Centre, Suite 3010
301 Grant Street
Pittsburgh, PA 15219
412-506-6390 (Phone)
psbrolla@postschell.com
Attorney for Plaintiff,
SBA Properties, LLC